# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE PEOPLES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHILDREN'S HOSPITAL OF CENTRAL CALIFORNIA,<br><br>　　　　　Defendant. | Case No. 1:19-cv-00272-LJO-SKO<br><br>**ORDER GRANTING DEFENDANT'S REQUEST TO SEAL DOCUMENT IN ACCORDANCE WITH LOCAL RULE 141**<br><br>**(Doc. 6)** |

On March 13, 2019, Defendant Children's Hospital of Central California ("Defendant") filed a request to seal a "Settlement Agreement and Release" entered into by the parties on October 11, 2016 (the "Settlement Agreement"). (Doc. 6 ("Request to Seal").) Defendant's Request to Seal states that the Settlement Agreement includes two express confidentiality provisions and Defendant intends to rely on the Settlement Agreement in filing Counterclaims against Plaintiff as well as a Motion to Compel Arbitration. (*Id.* at 1–3.)

Plaintiff Yvonne Peoples ("Plaintiff") responded to the Request to Seal on the same day, March 13, 2019, and stated that she does not object to Defendant's request subject to two clarifications on the scope of Defendant's request. (Doc. 7.) First, Plaintiff notes Defendant does not request "that *any* copy of the [Settlement Agreement] be filed under seal or that it be sealed if referred to in depositions or other discovery." (*Id.* at 1–2 (emphasis in original).) Second, Plaintiff further notes Defendant does not request "that there be no mention or reference to the [Settlement Agreement] to be filed under seal in pleadings or testimony, since that document is a pivotal one and will be oft-referred to, as plaintiff contends it provided much of the basis and motivation for the retaliation to which she was thereafter subjected." (*Id.* at 2.)

| | |
|---|---|
| 1 | Pursuant to Local Rule 141(b), a request to seal a document "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." "Only if good cause exists may the Court seal the information from public view after balancing 'the needs for discovery against the need for confidentiality.'" *Koloff v. Metro. Life Ins. Co.*, No. 113CV02060AWIJLT, 2014 WL 12573330, at *1 (E.D. Cal. July 9, 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. Cal. 2010)). |

Pursuant to Local Rule 141(b), a request to seal a document "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." "Only if good cause exists may the Court seal the information from public view after balancing 'the needs for discovery against the need for confidentiality.'" *Koloff v. Metro. Life Ins. Co.*, No. 113CV02060AWIJLT, 2014 WL 12573330, at *1 (E.D. Cal. July 9, 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. Cal. 2010)).

Here, Defendant has complied with Local Rule 141, and in view of Plaintiff's non-opposition to Defendant's Request to Seal as well as the express confidentiality provisions in the Settlement Agreement, the Court finds there is good cause to allow Defendant to file the Settlement Agreement under seal. (*Id.*) Accordingly, the Court GRANTS Defendant's Request to Seal (Doc. 6), and ORDERS that the eight-page "Settlement Agreement and Release" entered into between the parties on October 11, 2016 and submitted as Exhibit A with Defendant's Request to Seal, shall be FILED UNDER SEAL in accordance with Local Rule 141(e)(2).

IT IS SO ORDERED.

Dated: **March 14, 2019**         /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE