# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE PEOPLES,<br><br>        Plaintiff,<br><br>    v.<br><br>CHILDREN'S HOSPITAL OF CENTRAL CALIFORNIA,<br><br>        Defendant. | Case No. 1:19-cv-00272-LJO-SKO<br><br>**ORDER GRANTING DEFENDANT'S REQUEST TO SEAL DOCUMENTS IN ACCORDANCE WITH LOCAL RULE 141**<br><br>**(Doc. 11)** |

On March 14, 2019, the Court granted Defendant Valley Children's Hospital, Inc.'s (erroneously sued as Children's Hospital of Central California) request to seal the eight-page "Settlement Agreement and Release" entered into between the parties on October 11, 2016 (the "Settlement Agreement"). (*See* Docs. 6, 9.)

On March 20, 2019, Defendant submitted a request to seal unredacted versions of its (1) Answer, (2) Cross-Complaint, and (3) Memorandum of Points and Authorities in Support of Motion for Order Compelling Arbitration and to Stay Proceedings in Pending Action until Arbitration Completed (the "Request to Seal"). (Doc. 11.) Defendant's Request to Seal states that each of these documents "refer generally to the existence of certain provisions" in the previously-sealed Settlement Agreement. (*Id.* at 1–2.) According to Defendant, references to the Settlement Agreement appear on seven (7) pages of the Answer, on four (4) pages of the Cross-Complaint, and on ten (1) pages of the Memorandum. (*Id.* at 2.) Defendant publicly filed redacted versions of these documents on March 21, 2019. (Docs. 12, 13.)

Pursuant to Local Rule 141(b), a request to seal a document "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to

1

be permitted access to the documents, and all other relevant information." L.R. 141(b). "Only if good cause exists may the Court seal the information from public view after balancing 'the needs for discovery against the need for confidentiality.'" *Koloff v. Metro. Life Ins. Co.*, No. 113CV02060AWIJLT, 2014 WL 12573330, at *1 (E.D. Cal. July 9, 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. Cal. 2010)). A party may submit an opposition to a request to seal documents within three days of the date of service of the request. L.R. 141(c).

Plaintiff Yvonne Peoples has not submitted an opposition to Defendant's Request to Seal, and the time to do so has expired. *Id*. Defendant's Request to Seal is therefore deemed unopposed. Defendant has complied with Local Rule 141, and in view of the documents' references to the previously-sealed Settlement Agreement, the Court finds there is good cause to allow Defendant to file unredacted versions of those documents under seal. (*Id.*) Accordingly, the Court GRANTS Defendant's unopposed Request to Seal (Doc. 11), and ORDERS that unredacted versions of Defendant's (1) Answer, (2) Cross-Complaint, and (3) Memorandum of Points and Authorities in Support of Motion for Order Compelling Arbitration and to Stay Proceedings in Pending Action until Arbitration Completed be FILED UNDER SEAL in accordance with Local Rule 141(e)(2).

IT IS SO ORDERED.

Dated:    **March 26, 2019**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE