**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **YVONNE PEOPLES,** | **1:19-cv-00272-LJO-SKO** |
| **Plaintiffs,** | **ORDER DENYING AS PREMATURE MOTION TO COMPEL ARBITRATIONAND STAY PROCEEDINGS (ECF No. 13)** |
| **v.** | |
| **CHILDREN'S HOSPITAL OF CENTRAL CALIFORNIA, et al.,** | |
| **Defendants.** | |

The Court has received and reviewed the papers filed in connection with the motion to compel arbitration and stay proceedings until arbitration is completed filed by Defendant Valley Children's Hospital, Inc., erroneously sued under its former name Children's Hospital of Central California, ("VCH" or "Defendant"). ECF Nos. 13 & 19. This is the second lawsuit filed by Plaintiff Yvonne Peoples ("Peoples" or "Plaintiff"). In 2015, Plaintiff filed suit in Madera County Superior Court, alleging wrongful termination and discrimination. *See* ECF No. 1, Complaint, at ¶ 8. In August 2016, Peoples reached a settlement with VCH, which included monetary damages and reinstatement. *Id.* at ¶ 9.

After the settlement and Plaintiffs' reinstatement, Plaintiff alleges that she was subject to more unlawful conduct at VCH and that VCH breached the settlement agreement. *See* ECF No. 1 at ¶ 10-14. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November

20, 2018. On November 29, 2018, the EEOC issued a notice of right to sue. *Id*. at ¶ 3. Plaintiff received a right to sue letter under California's Fair Employment and Housing Act ("FEHA") in late October 2018. Plaintiff filed this lawsuit on February 26, 2019, raising a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), as well as several, related state law claims. *See generally*, ECF No. 1.

Defendant then moved to compel arbitration and to stay this case pending arbitration, citing an arbitration provision contained within the settlement agreement. ECF Nos. 13 & 19. Plaintiff opposed. ECF No. 24. Defendant replied. ECF No. 27. Plaintiff then filed objections to factual material contained within Defendant's reply, ECF No. 28, to which Defendant responded. ECF No. 29. The Court took the matter under submission on the papers pursuant to Local Rule 230(g). Having carefully reviewed all the filings related to the pending motion in light of the entire record, the Court DENIES the motion WITHOUT PREJUDICE as premature.

At the heart of the present dispute is the arbitration provision in the settlement agreement, which provides as follows:

> In lieu of filing a civil lawsuit, Employee and Employer agree to submit any disputes arising from Employee's employment or any breach of this Agreement, to binding arbitration subject to the JAMS Employment Arbitration Rules and Procedures. *Prior to arbitration, the parties agree to first attempt mediation.*

ECF No. 10, Settlement Agreement, at § 2.6(9) (emphasis added). This language requires the parties to attempt mediation as a pre-requisite to arbitration. It is appropriate for a court to decline to force arbitration under such circumstances. *See HIM Portland, LLC v. DeVito Builders, Inc*., 317 F.3d 41, 44 (1st Cir. 2003).

The parties each contend that the other abandoned attempts to schedule mediation. The only thing the present record actually shows is a failure, by both sides, to effectively and efficiently communicate about mediation, resulting in the simple fact that the parties have not yet engaged in mediation to resolve their disputes, as required by the arbitration clause in the settlement agreement.

2

This failure to submit to mediation renders the motion to compel/stay premature. *See Hood v. Terminix Int'l Co., L.P.*, No. C 06-0024 SBA, 2006 WL 1329678, at *1 (N.D. Cal. May 15, 2006). The parties' agreement to arbitrate is not triggered under the present circumstances. Failed efforts to schedule a mediation is not an "attempt" to mediate, thus, the prerequisite for arbitration has not been contractually met. If and when mediation is actually "attempted," disputes regarding arbitration will be ripe for the adjudication by this Court. The Court takes no position at this time as to whether abandonment of mediation at this point <u>by either party</u> would constitute a breach of the settlement agreement. Accordingly, the motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **May 31, 2019**                    **/s/ Lawrence J. O'Neill**
                                             UNITED STATES CHIEF DISTRICT JUDGE