# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE PEOPLES,<br><br>Plaintiff,<br><br>v.<br><br>CHILDREN'S HOSPITAL OF CENTRAL CALIFORNIA and DOES 1–10,<br><br>Defendants.<br>_____/ | Case No. 1:19-cv-00272-LJO-SKO<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Doc. 41) |

Currently before the Court is Plaintiff Yvonne Peoples' ("Plaintiff" or "Peoples") Motion for Leave to File First Amended Complaint for Damages and Ancillary Relief (the "Motion"). (Doc. 41.) Defendant Valley Children's Hospital, Inc., erroneously sued under its former name Children's Hospital of Central California ("Defendant" or "VCH"), did not file an opposition to the Motion. The Court found the matter suitable for decision without oral argument and vacated the hearing that was set for September 4, 2019. (Doc. 48.) Having considered the moving papers and declaration attached thereto, as well as the Court's file, the Court issues the following order.[1]

---

[1] A "magistrate judge's decision to grant a motion to amend is not generally dispositive; whether the denial of a motion to amend is dispositive is a different question entirely. Just as 'it is of course quite common for the finality of a decision to depend on which way the decision goes,' so the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome." *Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015) (quoting *Bullard v. Blue Hills Bank,* 135 S. Ct. 1686, 1694 (2015)). Any party may seek reconsideration of this order by the district judge within fourteen days of the issuance of this order. *See* Rule 303 of the Local Rules of the United States District Court, Eastern District of California ("Local Rules").

## I. BACKGROUND

This is the second lawsuit filed by Plaintiff against Defendant. In 2015, Plaintiff filed suit alleging wrongful termination and discrimination. (*See* Doc. 1, ¶ 8.) In August 2016, Peoples reached a settlement with VCH, which included monetary damages and reinstatement. (*Id*. at ¶ 9.)

After the settlement and Plaintiff's reinstatement, Plaintiff alleges that she was subject to more unlawful conduct at VCH and that VCH breached the settlement agreement. (*See* Doc. 1, ¶¶ 10–14.) Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November 20, 2018. (*Id*. at ¶ 3.) On November 29, 2018, the EEOC issued a notice of right to sue. (*Id*.) Plaintiff received a right to sue letter under California's Fair Employment and Housing Act ("FEHA") in late October 2018. (*Id*.)

Plaintiff filed this lawsuit on February 26, 2019, raising a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), as well as several, related state law claims. (*See* Doc. 1.) On March 21, 2019, Defendant filed an answer to the complaint and a cross-complaint against Peoples. (*See* Doc. 12.) Defendant then moved to compel arbitration and to stay this case pending arbitration, citing an arbitration provision contained within the settlement agreement. (Docs. 13 & 19.) On June 3, 2019, the assigned district judge denied the motion to compel without prejudice as premature. (*See* Doc. 36.)

A scheduling order was issued on July 12, 2019, which set the deadline to amend the pleadings for August 27, 2019. (Doc. 40.) On July 24, 2019, Plaintiff filed the instant motion for leave to file an amended complaint. (*See* Doc. 41.) The hearing on the Motion was set for September 4, 2019, with an opposition due date of August 21, 2019. (*See id*. *See also* Local Rule 230.) Defendant did not file an opposition by the August 21, 2019 deadline.[2] On August 30, 2019, the Court vacated the hearing and took the matter under submission. (Doc. 48.)

The Motion seeks leave from the Court to file a first amended complaint adding a claim for breach of the covenant of good faith and fair dealing on behalf of Plaintiff and a loss of consortium claim on behalf of her husband, intended plaintiff Claud S. Peoples. (*See* Doc. 41.)

---

[2] Instead, Defendant filed a renewed motion to compel arbitration. (*See* Doc. 45.)

## II.     LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court is to apply this policy of granting leave with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. The burden to demonstrate prejudice falls upon the party opposing the amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## III.     DISCUSSION

Plaintiff seeks to amend the complaint to join her husband as plaintiff and to add claims for loss of consortium and breach of the covenant of good faith and fair dealing. Given the lack of opposition, the Court finds that granting Plaintiff leave to amend would not prejudice Defendant.[3] There is also no evidence the motion was brought in bad faith nor does it produce undue delay in the litigation, as the motion was filed less than two weeks after the issuance of the scheduling order and over a month prior to the amendment deadline. *Cf. Davis v. Powell*, 901 F. Supp. 2d 1196, 1212

---

[3] Indeed, Defendant's renewed motion to compel arbitration, filed the same day as the deadline to oppose Plaintiff's motion for leave to amend, presupposes that the motion for leave will be granted. (*See* Doc. 45 at 1–2 ("This Motion also addresses the intended plaintiff and claims proposed in Plaintiff's First Amended Complaint[,] . . . . [a]ssuming leave will be granted."); Doc. 45-1 at 12–14.)

(S.D. Cal. 2012) (Undue delay is "delay that prejudices the nonmoving party or imposes unwarranted burdens on the Court.") (citation and quotation marks omitted). Moreover, there is no reason to believe that the proposed amendment is futile: both the loss of consortium and the breach of the covenant of good faith claims are asserted within their respective statutes of limitations. *See Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 893 (N.D. Cal. 2013) (holding that claim for loss of consortium is subject to the two-year statute of limitations in Cal. Civ. Proc. Code § 335.1); Cal. Civ. Proc. Code § 337 (four-year statute of limitations for breach of covenant of good faith and fair dealing). *See also, e.g.*, *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (illustrating that an amendment is futile "only if it would clearly be subject to dismissal.").

Consequently, finding that none of the foregoing factors weighs against granting Plaintiff leave to amend, and most notably as the Motion is unopposed, the Court finds leave to amend appropriate. *See, e.g., J.M. v. Cty. of Stanislaus*, Case No. 1:18-cv-01034-LJO-SAB, 2019 WL 1046254, at *2–3 (E.D. Cal. Mar. 5, 2019) (concluding that leave to amend was warranted in light of the defendant's non-opposition to the motion and reasonable explanation for the amendment); *Austin v. W. Concrete Pumping, Inc.*, Case No. 17-cv-2363-AJB-MDD, 2018 WL 2684140, at *1–2 (S.D. Cal. June 5, 2018) (granting the plaintiff's motion for leave to file an amended complaint after considering the motion and the defendants' non-opposition).

In sum, the Court finds that justice would be served by permitting Plaintiff to amend the Complaint as specified above. Accordingly, in the absence of any undue prejudice to Defendant, as evidenced by its lack of opposition to the Motion, the Motion shall be granted.

**IV.     ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's unopposed Motion for Leave to File First Amended Complaint for Damages and Ancillary Relief (Doc. 41) is GRANTED;

2. Plaintiff shall file her First Amended Complaint for Damages and Ancillary Relief as proposed and attached to the Motion (Exhibit A to the Supporting Declaration of Kevin G. Little) within two (2) days from the date of this order; and

3. Defendant shall file a response to the First Amended Complaint within the time

permitted by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: **September 3, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE